Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
1133 Westchester Avenue, Suite N-202
White Plains, New York 10604
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
PAUL JENKINS,

      Plaintiff,

v.

NORTH SHORE TOWERS
APARTMENTS INCORPORATED,

      Defendant.
----------------------------------------------------------------X

**COMPLAINT**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Paul Jenkins ("Mr. Jenkins" or "Plaintiff"), by and through his attorneys, GAINES, NOVICK, PONZINI, COSSU & VENDITTI, LLP, as and for his Complaint in the action against Defendant North Shore Towers Apartments Incorporated ("North Shore Towers" or "Defendant"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for monetary damages, to redress Defendant's unlawful employment practices committed against Plaintiff, including its unlawful discrimination, harassment and retaliation committed against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et sq. ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law, New

York Executive Law §§ 290 et seq. (the "NYSHRL"), the New York City Human Rights Law, and New York Administrative Code §§ 8-101 et seq. (the "NYCHRL").

2. During the course of Plaintiff's nearly two decades of employment with Defendant, Defendant subjected Plaintiff to unlawful discrimination and harassment because of his skin color, national origin, and race, as well as to unlawful retaliation. The blatantly hostile work environment at North Shore Towers includes Plaintiff's supervisors (1) speaking disrespectfully to him and other Black employees, (2) punishing him more severely than non-Black employees for similar offenses, (3) punishing him despite the fact that he did not commit any offense, and (4) giving him the least favorable assignments. Defendant also denied Plaintiff promotional opportunities.

3. Defendant's conduct was knowing, malicious, willful, wanton and/or showed a reckless disregard for Plaintiff, which caused, and continues to cause, Plaintiff to suffer substantial non-economic damages, detriment to his health, including but not limited to insomnia and post-traumatic stress disorder, permanent harm to his professional and personal reputation, severe mental anguish, physical harm, and emotional distress.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and Section 1981. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices against Plaintiff were committed in this district, the

employment records relevant to the unlawful employment practices are maintained and administered in this district, and the Defendant is located in Queens, NY.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

7. Plaintiff Paul Jenkins resides in Bronx County in the State of New York.

8. From 1999 to present, Plaintiff has been employed by Defendant as a Porter.

9. Defendant is located at 272-40 Grand Central Parkway, Floral Park, New York.

10. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

11. At all relevant times, Defendant is a domestic business corporation located in the county of Queens in the State of New York.

12. At all relevant times, Defendant has met the definition of an "employer" under all applicable statutes.

13. At all relevant times, Defendant employs approximately one hundred (100) employees.

## PROCEDURAL REQUIREMENTS

14. Plaintiff has complied with all statutory prerequisites to his Title VII claims, having filed a letter charge of discrimination with the Equal Opportunity Commission ("EEOC") New York District Office in October of 2018.

15. Plaintiff's EEOC was cross filed with the New York State Division of Human Rights pursuant to a work-share agreement between the two agencies.

16. On or about November 23, 2018, the EEOC issued a right to sue letter and that letter was received on or about November 29, 2018.

17. This lawsuit has been filed within 90 days of receipt of Plaintiff's right to sue letter.

18. Any and all other prerequisites to the filing of this lawsuit have been satisfied.

## FACTUAL ALLEGATIONS

19. Mr. Jenkins is a Black man from Jamaica.

20. Plaintiff was hired by Defendant in 1999 as a Porter.

21. Plaintiff always performs his duties as a Porter in an exceptional manner and with the highest degree of integrity, despite pervasive discrimination, harassment and retaliation based on race, national origin, and color.

22. Throughout Plaintiff's employment, but in particular after Manny Bernacent became Plaintiff's Supervisor, Plaintiff was verbally and physically abused because of his race, national origin, and color.

23. The discrimination and harassment continue unabated from the time Plaintiff began his employment until the present, despite his repeated complaints to supervisors and unions representatives, who often are the source of the discrimination and harassment, and retaliation in the form of termination.

### I. Disparate Treatment and Retaliation

24. On a daily basis, Mr. Bernacent yells over the radio when attempting to contact Plaintiff and other Black employees, but always respectfully requests the presence of non-Black employees.

25. In May of 2017, Mr. Bernacent accused Plaintiff of not cleaning a work station that he was assigned to clean. In response, Plaintiff told Mr. Bernacent that he cleaned the work station.

26. Afterward, Plaintiff pulled out his phone to take a picture of the work station; suddenly, Mr. Bernacent struck Plaintiff and told him that he was being suspended indefinitely and to leave the premises immediately.

27. Plaintiff complied with Mr. Bernacent's order.

28. The next day Plaintiff filed a police report regarding the assault and he also contacted his union representative.

29. Plaintiff thereafter was reinstated.

30. In April of 2018 a memorandum was distributed to all employees regarding stating that cell phones can longer be on their person while working.

31. Nonetheless non-Black employees used their phones liberally throughout the premises and without receiving any punishment.

32. In May of 2018, Plaintiff was suspended for having his phone on his person back in May of 2017, when he used his phone to take a picture of his work station and before it was against company policy to have a cell phone on his person while working on the premises.

33. On or about February 15, 2019, Plaintiff was informed that the suspension he received in May of 2017 was justified.

34. This determination was made after Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and after Plaintiff received a right to sue letter.

35. Plaintiff contends that this adverse determination is related to the fact that he filed a Charge of Discrimination.

36. Since the filing of the Charge of Discrimination and Plaintiff's complaints to supervisors about the disparate treatment Plaintiff contends that Mr. Bernacent's hostility has intensified.

## II. Failure to Promote

37. Prior to 2015, Plaintiff was not able to apply for promotions and promotions were only given to non-Black employees.

38. After 2015, positions and promotions were posted so that employees could apply.

39. Plaintiff attempted to apply but was told by Supervisors Curtis Hanson and Manny Bernacent that Plaintiff could not apply for a promotion or another position.

## AS AND FOR A FIRST CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII)

40. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

41. Defendant has discriminated against and harassed Mr. Jenkins on the basis of his race, color, and national origin in violation of Title VII by denying him the same terms and conditions of employment available white Hispanic employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Jenkins the opportunity to work in an employment setting free of unlawful discrimination.

42. Defendant has discriminated against and harassed Mr. Jenkins on the basis of his race, color, and national origin in violation of Title VII by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that

included, among other things, severe and pervasive harassment of Mr. Jenkins because of his race, color, and national origin.

43. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Mr. Jenkins has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Jenkins is entitled to an award of damages.

44. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mr. Jenkins is entitled to an award of compensatory damages.

45. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Mr. Jenkins is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF TITLE VII)

46. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

47. Defendant has retaliated against Plaintiff in violation of Title VII for complaining about Defendant's discriminatory practices directed toward him and other former black Hispanic American employees by, among other things, subjecting Mr. Jenkins to acts of discrimination, harassment, humiliation, intimidation, and ultimately termination.

48. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Mr. Jenkins has suffered, and continues to suffer, monetary and/or

7

economic harm for which Mr. Jenkins is entitled to an award of monetary damages and other relief.

49. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mr. Jenkins is entitled to an award of compensatory damages.

50. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Mr. Jenkins is entitled to an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981)

51. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

52. Defendant has discriminated against and harassed Mr. Jenkins on the basis of his race, color, and national origin in violation of Section 1981 by denying him the same terms and conditions of employment available white Hispanic employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Jenkins the opportunity to work in an employment setting free of unlawful discrimination.

53. Defendant has discriminated against and harassed Mr. Jenkins on the basis of his race, color, and national origin in violation of Section 1981 by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Jenkins because of his race, color, and national origin.

54. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Mr. Jenkins has suffered, and continue to suffer, monetary and/or economic damages including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

55. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Mr. Jenkins has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Jenkins is entitled to an award of monetary damages and other relief.

56. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Section 1981 for which Mr. Jenkins is entitled to an award of punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF 42 U.S.C. 1981)

57. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

58. Defendant has retaliated against Plaintiff in violation of Section 1981 for complaining about Defendant's discriminatory practices directed toward him and other former black Hispanic American employees by, among other things, subjecting Mr. Jenkins to acts of discrimination, harassment, humiliation, intimidation, and ultimately termination.

59. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Mr. Jenkins has suffered, and continues to suffer, monetary and/or

economic harm for which Mr. Jenkins is entitled to an award of monetary damages and other relief.

60. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section 1981, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mr. Jenkins is entitled to an award of compensatory damages.

61. Defendant's unlawful and discriminatory actions constitute malicious, willful and wonton violations of Section 1981 for which Mr. Jenkins is entitled to an award of punitive damages.

## AS AND FOR FIFTH CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE NYSHRL)

62. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

63. Defendant has discriminated against and harassed Mr. Jenkins on the basis of his race, color, and national origin in violation of NYSHRL by denying him the same terms and conditions of employment available white Hispanic employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Jenkins the opportunity to work in an employment setting free of unlawful discrimination.

64. Defendant has discriminated against and harassed Mr. Jenkins on the basis of his race, color, and national origin in violation of NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Jenkins because of his race, color, and national origin.

65. As a direct result Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Mr. Jenkins has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

66. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Jenkins is entitled to an award of compensatory damage.

67. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of NYSHRL for which Mr. Jenkins is entitled to an award of punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF THE NYSHRL)

68. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

69. Defendant has retaliated against Plaintiff in violation of Section 1981 for complaining about Defendant's discriminatory practices directed toward him and other former black Hispanic American employees by, among other things, subjecting Mr. Jenkins to acts of discrimination, harassment, humiliation, intimidation, and ultimately termination.

70. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of NYSHRL, Mr. Jenkins has suffered, and continues to suffer, monetary and/or

economic harm for which Mr. Jenkins is entitled to an award of monetary damages and other relief.

71. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mr. Jenkins is entitled to an award of compensatory damages.

72. Defendant's unlawful and discriminatory actions constitute malicious, willful and wonton violations of NYSHRL for which Mr. Jenkins is entitled to an award of punitive damages.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## (DISCRIMINATION AND HARASSMENT IN VIOLATION OF NYCHRL)

73. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

74. Defendant has discriminated against and harassed Mr. Jenkins on the basis of his race, color, and national origin in violation of NYCHRL by denying him the same terms and conditions of employment available white Hispanic employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Jenkins the opportunity to work in an employment setting free of unlawful discrimination.

75. Defendant has discriminated against and harassed Mr. Jenkins on the basis of his race, color, and national origin in violation of NYCHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Jenkins because of his race, color, and national origin.

76. As a direct result Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Mr. Jenkins has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

77. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Jenkins is entitled to an award of compensatory damage.

78. Defendant's unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of NYCHRL for which Mr. Jenkins is entitled to an award of punitive damages.

## AS AND FOR EIGHTH CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF NYCHRL)

79. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

80. Defendant has retaliated against Plaintiff in violation of NYCHRL for complaining about Defendant's discriminatory practices directed toward him and other former black Hispanic American employees by, among other things, subjecting Mr. Jenkins to acts of discrimination, harassment, humiliation, intimidation, and ultimately termination.

81. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of NYCHRL, Mr. Jenkins has suffered, and continues to suffer, monetary and/or

economic harm for which Mr. Jenkins is entitled to an award of monetary damages and other relief.

82. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of NYCHRL, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mr. Jenkins is entitled to an award of compensatory damages.

83. Defendant's unlawful and discriminatory actions constitute malicious, willful and wonton violations of NYCHRL for which Mr. Jenkins is entitled to an award of punitive damages.

### AS AND FOR A TENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

84. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

85. Defendant engaged in conduct toward Mr. Jenkins that was extreme and outrageous so as to exceed the bounds of decency in a civilized society.

86. Among other things, Defendant's conduct was in allowing Mr. Jenkins co-workers and/or supervisors, including but not limited to a Painter named Javier and a Supervisor named Juan, who repeated referred to him as a "nigger", monkey, and black guy, and other offensive terms, allowing a constant barrage of profanity and disrespect toward him on a daily basis, allowing co-workers to kick the bathroom stall, comments such as, "Why is the last black guy still here?", "The monkey is here!". This conduct was extreme and outrageous conduct that exceeds the bounds of decency in a civilized society.

87. By Defendant's actions, Defendant intentionally, recklessly and/or negligently caused Mr. Jenkins to suffer severe emotional distress.

88. As a direct and proximate result of Defendant's conduct, Mr. Jenkins has suffered and continues to suffer severe emotional distress, for which she is entitled to an award of damages.

89. Defendant's extreme and outrageous conduct was known, malicious, willful and wanton, and/or done in a reckless disregard for Mr. Jenkins' well-being, entitling Mr. Jenkins to an award of punitive damages.

**AS AND FOR A TENTH CAUSE OF ACTION**
**(NEGLIGENT HIRING, RETENTION AND SUPERVISION)**

90. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

91. Defendant violated its duty as Mr. Jenkins' employer by denying him the opportunity to work in an employment setting free of unlawful discrimination, harassment and/or retaliation, by failing to take reasonable steps to determine the fitness of Mr. Jenkins' co-workers and supervisors, by failing to reasonably supervise Mr. Jenkins' co-workers and supervisors and by failing and refusing to investigate and/or take appropriate disciplinary or other actions in response to Mr. Jenkins' repeated verbal and written complaints of discriminatory and harassing conduct by Mr. Jenkins' co-workers and/or supervisors on the basis of his race, color, and national origin which resulted in, among other things, physical injury to Mr. Jenkins. Defendant had actual knowledge of the undue risk of harm to which they were thereby exposing Mr. Jenkins based on his repeated complaints to his supervisors.

92. As a direct and proximate result of Defendant's breach of duty to supervise, Mr. Jenkins has been injured and has incurred damages thereby.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF TITLE VII)

93. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

94. Defendant violated Mr. Jenkins' right to be free from discrimination based on race, color, and national origin in Defendant's failure to promote him based on his race, color, and national origin.

95. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Mr. Jenkins has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Jenkins is entitled to an award of damages.

96. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Jenkins is entitled to an award of monetary damages and other relief.

## AS AND FOR AN TWELFTH CAUSE OF ACTION
## (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF NYSHRL)

97. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

98. Defendant violated Mr. Jenkins' right to be free from discrimination based on race, color, and national origin in Defendant's failure to promote him based on his race, color, and national origin.

99. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Mr. Jenkins has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Jenkins is entitled to an award of damages.

100. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Jenkins is entitled to an award of monetary damages and other relief.

### AS AND FOR THIRTEENTH CAUSE OF ACTION
### DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF NYCHRL

101. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

102. Defendant violated Mr. Jenkins' right to be free from discrimination based on race, color, and national origin in Defendant's failure to promote him based on his race, color, and national origin.

103. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of NYCHRL, Mr. Jenkins has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Jenkins is entitled to an award of damages.

104. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of NYCHRL, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Jenkins is entitled to an award of monetary damages and other relief.

### AS AND FOR FOURTEENTH CAUSE OF ACTION
### DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF SECTION 1981

105. Mr. Jenkins hereby repeats and realleges each and every allegation as contained in each of the proceeding paragraphs as if fully set forth herein.

106. Defendant violated Mr. Jenkins' right to be free from discrimination based on race, color, and national origin in Defendant's failure to promote him based on his race, color, and national origin.

107. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section 1981, Mr. Jenkins has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Jenkins is entitled to an award of damages.

108. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section 1981, Mr. Jenkins has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Jenkins is entitled to an award of monetary damages and other relief.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Jenkins prays that the Court enter a judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of the Defendant complained of herein violate the law of the United States and the State of New York;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Jenkins for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

C. An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Jenkins for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

D. An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Jenkins in an amount to be determined at trial, plus prejudgment interest;

E. An award of punitive damages;

F. An award of costs that Mr. Jenkins has incurred in this action, as well as Mr. Jenkins' reasonable attorneys' fees to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
       February 18, 2019

                                   Respectfully submitted,

                                   *//s// Jaazaniah Asahguii*
                                   Jaazaniah Asahguii